UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

November 19, 2015

Jonathan C. Kuni
Kuni Donaldson LLP
1975 SW First Ave., Suite H
Portland, OR 97201

Tim Mouraveiko
5006 SW Pomona St.
Portland, OR 97219

Re: In re Moglia, Case No. 11-35022-elp13

Dear Messrs. Kuni and Mouraveiko:

    On October 30, 2015, this court held an evidentiary hearing on creditor Tim Mouraveiko's motion for sanctions (the "Motion," ECF No. 361). In the Motion, Mr. Mouraveiko asks the court to dismiss this case and impose monetary sanctions against the debtor, James Adolfo Moglia ("Debtor"). I have considered the evidence and the parties' arguments, and write now to announce my ruling.

    The court may dismiss a chapter 13 case "for cause." 11 U.S.C. § 1307(c). There are eleven acts enumerated in § 1307(c) that provide non-exclusive examples of cause, none of which are present in this case. The Ninth Circuit has held that bad faith is also cause for dismissal under § 1307(c). Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999). In determining whether bad faith is present, the court should consider the following factors: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Code, or prosecuted his case in an inequitable manner, (2) the history of the debtor's filings, (3) whether the "debtor only intended to defeat state court litigation," and (4) whether egregious behavior is present. Id.

    Here, Debtor did not have a pattern of previous filings, did not manipulate the Code, and did not prosecute his case in an inequitable manner. While his state-court litigation with Mr. Mouraveiko was certainly a contributing factor to his bankruptcy petition, it was not the only reason for filing (and because Mr. Mourveiko ultimately obtained a non-dischargeable state-court judgment, Debtor clearly did not succeed in defeating the litigation). Accordingly, the primary question before the court

is whether Debtor misrepresented facts in his petition or behaved egregiously.  Mr. Mouraveiko's Motion is premised on the allegation that Debtor has concealed substantial assets--an allegation that, if proven, would justify dismissal for bad faith.

As the party seeking dismissal and other sanctions, Mr. Mourveiko bears the burden of proof.  Admittedly, this is a difficult task given that many key facts are within the control of Butterfield Bank, an offshore financial institution that is not easily susceptible to standard discovery procedures.  Nonetheless, this challenge does not relieve Mr. Mouraveiko of his duty to prove that Debtor is guilty of bad faith.  See In re Malget, 165 B.R. 933, 936 (Bankr. S.D. Cal. 1994)("[T]he fact that proof is difficult to obtain or that a party whose testimony is essential is unavailable does not relieve the party who has the burden of proof from carrying that burden.").

Although it is clear that Mr. Mouraveiko bears the burden of proof, it is less clear what the applicable standard of proof is.  The Ninth Circuit has not ruled on whether misconduct that forms the basis for sanctions must be proven by clear and convincing evidence or merely by a preponderance of the evidence.  Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).  Proof "by the preponderance of the evidence means that it is sufficient to persuade the finder of fact that the proposition is more likely than not."  U.S. v. Arnold & Baker Farms (In re Arnold & Baker Farms), 177 B.R. 648, 654 (9th Cir. BAP 1994).  Proof by "clear and convincing evidence is a higher standard requiring a high probability of success."  Id.  For the sake of analysis I have assumed, without deciding, that Mr. Mouraveiko bears the lower burden of proof and I will apply the preponderance standard.  Mr. Mouraveiko has not met the preponderance standard.

Throughout his prosecution of this Motion, Mr. Mourveiko has raised numerous questions regarding Debtor's veracity.  While these questions are well-founded, the court does not find that Mr. Mourveiko has proven that bad-faith conduct is more likely than not.  The crux of Mr. Mouraveiko's allegations is that Debtor has concealed funds that he inherited from his late mother.  Debtor admits to inheriting the funds, and further admits to transferring $270,000 (money that is apparently attributable to the inheritance) to Butterfield Bank (or its predecessor) in approximately 2001 or 2002.  Mr. Mouraveiko insists that these funds remain in Debtor's possession but were not disclosed to the bankruptcy court.  This could be true, but such a finding must be supported by more than a bare allegation.

One important fact is that Debtor filed his bankruptcy petition in 2011, approximately ten years after receiving the inheritance. There are many innocent explanations for what could have happened to the inheritance money during the intervening ten years.

Another important fact is that Debtor's schedule B reports $217,087.69 held in a Butterfield Bank savings account, some or all of which could be attributable to the inheritance. Mr. Mouraveiko counters that the Oregon Circuit Court for Multnomah County found that this Butterfield Bank account was a trust fund held for the benefit of Mr. Mouraveiko. I do not agree with Mr. Mouraveiko's characterization of the state court's findings. The relevant findings and conclusions of the Circuit Court were filed in the related adversary proceeding Mouraveiko v. Moglia, as exhibits to Mr. Mouraveiko's Motion for Partial Summary Judgment (the "MSJ," Adv. Proc. 11-3306, ECF No. 83). It is true that, as a result of Mr. Mouraveiko's Third Motion for Sanctions in state court, Judge Litzenberger ordered "the following facts are conclusively established: [Debtor's company] Computer Friends held funds for Plaintiff's benefit in an account at Butterfield Bank that was identified as the Carina account owned by James Moglia." MSJ, Exh. B at 9. This conclusive finding merely established that Debtor held some unquantified amount of money for Mr. Mouraveiko--it did not find that the entire balance of any given account was held in trust. To the contrary, after the state court held a trial, Judge Litzenberger found that Debtor and Mr. Mouraveiko had an agreement to create "an informal trust account holding wages for Mouraveiko's benefit," but that "Mourveiko did not establish the amount or portion of his wages that were to be held in trust." Id., Exh. A at 25 (emphasis added). In the absence of concrete evidence, the state court awarded Mr. Mouraveiko $120,000 under an unjust enrichment theory. Id. at 25-26.

This is not to say that Mr. Mouraveiko did not raise some serious questions about abnormalities in Debtor's financial records. There is not a crystal-clear accounting of what happened to the inheritance money. And the apparent lack of any interest accrual in the Carina account between November 2002 and May 2003 is perplexing. These unanswered questions amount to "smoke," and Mr. Mourveiko would have the court rule that where there is smoke, there is fire. But this inferential reasoning does not satisfy Mr. Mouraveiko's burden of proof. It is possible the Debtor is concealing assets, but it is equally if not more likely that the inconsistencies identified by Mr. Mouraveiko are the result of non-sanctionable conduct.

    Debtor has complied with the terms of his confirmed plan, and there is no evidence in the record of bad faith or other egregious behavior that would justify sanctions. Accordingly, the court will deny Mr. Mouraveiko's Motion. Counsel for Debtor should upload an order within fourteen days of this opinion.

                Very truly yours,

                *Elizabeth L. Perris*

                Elizabeth L. Perris
                Bankruptcy Judge