Below is an Order of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In Re: | ) Bankruptcy Case |
|---|---|
| | ) No. 11-35022-elp13 |
| JAMES ADOLFO MOGLIA, | ) |
| | ) OPINION AND ORDER RE: AWARD OF |
| | ) COSTS |
| Debtor. | ) |

On October 16, 2015, creditor Tim Mouraveiko filed two cost bills (collectively, the "Cost Bills," ECF Nos. 441 & 442) pursuant to Federal Rules of Bankruptcy Procedure 7054(b)(1). Counsel for attorneys Ronald Elzinga and Jonathan Kuni filed objections to the Cost Bills (collectively, the "Objections," ECF Nos. 450 and 452).

The first Cost Bill (ECF No. 441) seeks $639.63 in costs from Ronald Elzinga as a result of Mr. Mouraveiko's Motion to Return Fees and Impose Sanctions (ECF No. 360). The second Cost Bill (ECF No. 442) seeks $1,393.51 in costs from Jonathan Kuni as a result of Mr. Mouraveiko's Motion for Sanctions (ECF No. 361).

The Objections argue that an award of costs is not appropriate under Federal Rule of Civil Procedure 54(d)(1). This argument fails to recognize that FRCP 54(d) is not incorporated into Federal Rule of

Page 1 - OPINION AND ORDER RE: AWARD OF COSTS

Bankruptcy Procedure 7054,[1] which gives bankruptcy courts greater discretion to award or deny costs. See Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.), 94 B.R. 622, 624 (9th Cir. BAP 1988). Nonetheless, because FRBP 7054 is patterned after FRCP 54, it appears appropriate to rely on cases interpreting Rule 54 (especially when confronting the meaning of the phrase "prevailing party"), with the caveat that bankruptcy courts are granted more latitude to grant or deny costs based on the facts of a particular case.

As a general matter, "a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2667, at 230 (4th ed. 2014). The Objections cite Association of Mexican-American Educators v. California, 231 F.3d 572 (9th Cir. 2000)(en banc) for the proposition that "[t]he Ninth Circuit has used the test for prevailing party adopted in the Seventh Circuit" case of First Commodity Traders v. Heinhold Commodities, 766 F.2d 1007 (7th Cir. 1985). This argument suffers from several problems. First, Association of Mexican-American Educators does not adopt (or even cite) the test from First Commodity Traders, and the block quote in the Objections (supposedly excerpted from First Commodity Traders) appears nowhere in the Ninth Circuit's opinion.[2] Second, a review of Ninth Circuit cases that do address the definition of

---

[1] Rule 7054 applies to this contested matter by operation of Federal Rule of Bankruptcy Procedure 9014(c).

[2] Indeed, the court is unable to find any opinion from the Ninth Circuit Court of Appeals that cites that Seventh Circuit's opinion in First Commodity Traders.

Page 2 - OPINION AND ORDER RE: AWARD OF COSTS

"prevailing party" indicates that this circuit subscribes to the majority view that a party need not succeed completely to be a prevailing party. E.g., Thomas v. SS Santa Mercedes, 572 F.2d 1331, 1335 (9th Cir. 1978) ("Costs are generally awarded to the successful party even if he is not awarded his entire claim."). Finally, even if First Commodity Traders were the law of this circuit, it would not be fatal to Mr. Mouraveiko's request for costs. The Seventh Circuit held that the plaintiff in First Commodity Traders was not a prevailing party because it had pled eleven causes of action in its complaint, and only prevailed on two. Here, Mr. Mouraveiko sought two categories of relief: sanctions against Mr. Elzinga, and sanctions against Mr. Kuni. He succeeded in obtaining sanctions against both attorneys. Just because the amount of the sanctions was less than he sought does not deprive Mr. Mouraveiko of his status as a prevailing party.

Mr. Kuni's objection also disputes the validity of specific expenses. Mr. Mouraveiko filed a reply (ECF No. 456) which adequately explains the validity of these contested costs.

For the reasons stated herein,

IT IS HEREBY ORDERED that Mr. Mouraveiko is awarded $639.63 for costs and disbursements against Ronald H. Elzinga pursuant to Federal Rule of Bankruptcy Procedure 7054(b)(1); and

IT IS FURTHER ORDERED that Mr. Mouraveiko is awarded $1,393.51 for costs and disbursements against Jonathan C. Kuni pursuant to Federal Rule of Bankruptcy Procedure 7054(b)(1).

###

cc: Tim Mouraveiko
    Ray Streinz

Page 3 - OPINION AND ORDER RE: AWARD OF COSTS